JCT.22614

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMICA WARD, § | | |
|     Plaintiff, § | | |
| § | | |
| V. § | | |
| § | Civil Action No. _____ | |
| DONALD BRYANT, JOHN § | | |
| CHRISTNER TRUCKING, LLC, and § | | |
| THREE DIAMOND LEASING, LLC, § | | |
|     Defendants. § | | |

### DEFENDANTS' JOINT NOTICE OF REMOVAL

DONALD BRYANT ("BRYANT"), JOHN CHRISTNER TRUCKING, LLC ("JOHN CHRISTNER TRUCKING"), and THREE DIAMOND LEASING, LLC ("THREE DIAMOND LEASING") (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446(a), file this Joint Notice of Removal.

### I. INTRODUCTION

1. This removal is based on diversity jurisdiction. Plaintiff has sued Defendants alleging negligence and negligent entrustment and seeks damages allegedly resulting from a motor vehicle accident.

2. Now, at the time of removal, and at the time of the filing of the lawsuit, Plaintiff Tamica Ward ("Ward") is an individual resident and citizen of the state of Texas.

3. In contrast, now, at the time of removal, and the time of the filing of the lawsuit, Defendant BRYANT is an individual resident and citizen of the state of Arizona.[1]

---

[1] In her Original Petition, Plaintiff alleges that BRYANT is a resident of Lake Havasu, Mohave County, Texas and seeks service at his home address in Lake Havasu, Arizona. The Court can take judicial notice that there is no Mohave County, Texas and no Lake Havasu in Texas.

**DEFENDANTS' JOINT NOTICE OF REMOVAL**                                                                           **PAGE 1**

4.      In contrast, now, at the time of removal, and at the time of the filing of the lawsuit, Defendant JOHN CHRISTNER TRUCKING is a limited liability company organized and existing under the laws of the state of Oklahoma with its principal place of business in Sapulpa, Oklahoma.  Its members are John Christner, Darryl Christner, and Danny Christner who are now, at the time of removal, and at the time of the filing of the lawsuit, individual residents and citizens of the state of Oklahoma.[2]

5.      In contrast, now, at the time of removal, and at the time of the filing of the lawsuit, Defendant THREE DIAMOND LEASING TRUCKING is a limited liability company organized and existing under the laws of the state of Oklahoma with its principal place of business in Sapulpa, Oklahoma.  Its members are John Christner, Darryl Christner, and Danny Christner who are now, at the time of removal, and at the time of the filing of the lawsuit, individual residents and citizens of the state of Oklahoma.[3]

6.      In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In particular, Plaintiff's Original Petition seeks monetary relief in excess of $100,000.00.

7.      Defendants file their Joint Notice of Removal within thirty days of the filing, and having received a courtesy copy, of Plaintiff's Original Petition.  This action has been on file for less than one year.

---

[2] In her Original Petition, Plaintiff alleges that JOHN CHRISTNER TRUCKING is a corporation doing business in Sapulpa, Creek County, Texas although it may be served in Sapulpa, Oklahoma.  This Court can take judicial notice that there is no Sapulpa in Texas.  It is in fact a city in Oklahoma.

[3] In her Original Petition, Plaintiff likewise alleges that THREE DIAMOND LEASING is a corporation doing business in Sapulpa, Creek County, Texas although it may be served in Sapulpa, Oklahoma.  This Court can take judicial notice that there is no Sapulpa in Texas.

## II. GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

### A. Diversity Jurisdiction Exists

8. Removal is proper because this lawsuit involves a controversy between citizens of different states. Specifically, Plaintiff was at the time of removal and at the time the lawsuit was filed, a citizen of Texas. In contrast, Defendant BRYANT is a citizen of Arizona. Defendants JOHN CHRISTNER TRUCKING and THREE DIAMOND LEASING are citizens of Oklahoma. Thus, diversity of citizenship between the parties exists.

9. In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441. Specifically, Plaintiff alleges that she seeks "monetary relief of over $100,000." (Ex. C.2, at ¶ II); *Wright v. Spindletop Films*, L.L.C., 845 F. Supp. 2d 783, 787 (S.D. Tex. 2012) (Ellison, J.) ("Courts are to 'decide what the amount in controversy is from the complaint itself …'") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself …"); *Trans-Net, Inc. v. Crawley*, 2008 WL 938374, *1 (S.D. Tex. 2008) (Miller, J.) ("In this case, [plaintiff] avers actual damages in excess of the jurisdictional minimum. [Plaintiff's] assertions are sufficient to support diversity jurisdiction."). Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### B. Removal Was Timely

10. Plaintiff filed suit on September 22, 2015. Although service has yet to be accomplished, Defendants have filed their answers in state court. On October 19, 2015, and less than thirty days after Plaintiff filed suit, Defendants file this Joint Notice of Removal. In addition, the suit has been pending for less than a year. Therefore, removal of this action is timely.

### III. COMPLIANCE WITH REMOVAL PROCEDURES

11. Attached as Exhibits A through C to the Notice of Removal are the following documents required by 28 U.S.C. § 1446(a) and N.D. TEX. LOC. R. 81.1 (these documents are hereby incorporated by reference in all respects):

    A. Civil Cover Sheet.

    B. Supplemental Civil Cover Sheet.

    C. An index of all documents that clearly identifies each document and indicates the date the document was filed in state court:

        1. State Court Docket Sheet (Register of Actions).

        2. Plaintiff's Original Petition filed September 22, 2015.

        3. Civil Case Information Sheet filed September 22, 2015.

        4. Defendants' Original Answer filed on October 15, 2015.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Texas, Dallas Division, embraces Dallas County, Texas, where the state court action was filed and is currently pending. Specifically, Plaintiff filed suit in the 160th Judicial District Court of Dallas County, Cause No. DC-15-11678.

13. Defendants will immediately file a copy of their Joint Notice of Removal with the clerk of the state court in which the state court action is pending.

14. Since all Defendants join in this Joint Notice of Removal, the requirement of 28 U.S.C. § 1446(b)(2)(A) has been satisfied.

WHEREFORE, PREMISES CONSIDERED, Defendants request this action be immediately and entirely removed upon filing of this Joint Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY
SHIPMAN & SALINAS, L.L.P**

*/s/ Fernando P. Arias*
**FERNANDO P. ARIAS**
State Bar No. 24025946
fred.arias@fletcherfarley.com
**LISA M. YERGER**
State Bar No. 24063210
lisa.yerger@fletcherfarley.com
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
214-987-9600
214-987-9866  fax

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including the following counsel:

Zachary D. Herbert
Amy K. Witherite
EBERSTEIN & WITHERITE, LLP
3100 Monticello Avenue, Suite 500
Dallas, Texas 75205

**ATTORNEYS FOR PLAINTIFF**

*/s/ Fernando P. Arias*
**FERNANDO P. ARIAS**